UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHARLES ABOUGHANTOUS

VERSUS

ANDRE H. BRUNI, ET AL

CIVIL ACTION

NUMBER 11-148-BAJ-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, March 15, 2011.

*/s/ Stephen C. Riedlinger*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHARLES ABOUGHANTOUS

VERSUS

ANDRE H. BRUNI, ET AL

CIVIL ACTION

NUMBER 11-148-BAJ-SCR

**MAGISTRATE JUDGE'S REPORT**

Plaintiff filed a complaint against defendants Bluebonnet Dental Care, LLC, a Louisiana limited liability company whose only member is Dr. Andre H. Bruni, who is a dentist, and Dr. Bruni. Plaintiff alleged that Dr. Bruni is licensed in Louisiana and practices as Bluebonnet Dental Care, 4451 Bluebonnet Blvd., Ste. A, Baton Rouge, LA. Plaintiff's claims are best characterized as tort claims alleging negligence, malpractice and fraud, and/or a breach of contract. Plaintiff seeks a $518 credit against his bill with Dr. Bruni plus $50,000 in punitive damages, court costs and attorney's fees. Plaintiff seeks the same relief against the other defendant, GE Money Bank.

The court must examine the basis for its jurisdiction even when not raised by the parties. The statutes most often cited as the basis for subject matter jurisdiction are 28 U.S.C. §§ 1331 and 1332. Jurisdiction under § 1331, also known as federal question jurisdiction, is present when a civil action "arises under the Constitution, laws or treaties of the United States." Nothing in the plaintiff's allegations suggests that he has a claim which

arises under any federal law, Constitutional provision or treaty.

Nor is there a basis for jurisdiction under § 1332, also known as diversity jurisdiction. Jurisdiction under § 1332 requires that there be complete diversity of citizenship between the plaintiff and all of the defendants. Plaintiff alleged that he is a resident of Baton Rouge, Louisiana, which the court interprets to mean he is a Louisiana citizen. Similarly, the court interprets the plaintiff's allegations as to defendants Dr. Bruni and Bluebonnet Dental Care to mean that they also are Louisiana citizens. Consequently, the plaintiff's allegations do not support jurisdiction under § 1332.[1]

**Recommendation**

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed, without prejudice, for lack of subject matter jurisdiction.

Baton Rouge, Louisiana, March 15, 2011.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[1] Jurisdiction under § 1332 also requires that there be more than $75,000 "in controversy" as to at least one defendant over which the court has jurisdiction under § 1332. It is highly improbable that the amount in controversy required by § 1332 is met in this case, as to any defendant. However, it is not necessary to make that determination at this time.
    No other jurisdictional statute is applicable to the plaintiff's claims. *See* 28 U.S.C. §§ 1333-1369.